UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES EASTER,

    Plaintiff,

v.

Z. AURICH, et al.,

    Defendants.

No. 2:18-cv-1982-TLN-EFB P

ORDER

Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis. ECF Nos. 2, 5.

### Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening

#### I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. Analysis

Plaintiff alleges that he suffers from "spinal core disease" and carpometacarpal joint disease. ECF No. 1 at 9. He was on a morphine prescription for the pain caused by those conditions. *Id.* at 10. On June 18, 2017, defendant Aurich – a correctional officer – accused plaintiff of "cheeking" his morphine pill. *Id.* On June 27, 2018, plaintiff received a "disciplinary chrono" stating that plaintiff had been caught attempting to cheek/tongue his pain medication and had to be directed by Aurich to swallow the pill. *Id.* at 11. Shortly thereafter, his morphine prescription was discontinued. *Id.* at 12-13.

/////

| 1  | Plaintiff alleges that Aurich's accusation was knowingly false and undertaken to "effect
| 2  | cause for P.A.O. Akintola to arbitrary (sic) discontinue plaintiff[']s morphine pain medication
| 3  | . . . ." *Id.* at 12-13. Akintola is not named as a defendant in this action. With respect to
| 4  | defendant Halloran – a licensed vocational nurse – plaintiff claims that she "aid[ed] & abet[ted]"
| 5  | Aurich in submitting the fraudulent disciplinary chrono. *Id.* at 14.
| 6  | Plaintiff claims that the actions of Aurich and Halloran violated: (1) his due process rights
| 7  | insofar as the disciplinary chrono was false and (2) his Eighth Amendment rights by interfering
| 8  | with his medical treatment. Both claims, as currently articulated, fail.
| 9  | First, plaintiff cannot maintain a due process claim based solely on the falseness of a rules
| 10 | violation report or disciplinary chrono. "A prisoner has no constitutionally guaranteed immunity
| 11 | from being falsely or wrongly accused of conduct which may result in the deprivation of a
| 12 | protected liberty interest." *Chavira v. Rankin*, 2012 U.S. Dist. LEXIS 167423, 2012 WL
| 13 | 5914913, *1 (N.D. Cal. 2012) (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989);
| 14 | *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Johnson v. Felker*, No. 1:12-cv-
| 15 | 02719 GEB KJN (PC), 2013 U.S. Dist. LEXIS 170474, 2013 WL 6243280, at *6 (E.D. Cal. Dec.
| 16 | 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of
| 17 | misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim
| 18 | under section 1983.").
| 19 | Second, plaintiff has failed to plead sufficient facts to establish that either defendant
| 20 | assessed him a false disciplinary chrono for the purpose of interfering with his medical treatment.
| 21 | This claim is raised in a single line, referenced *supra*, wherein plaintiff alleges that the false
| 22 | disciplinary chrono's underlying purpose was to provide a justification for non-party Akintola to
| 23 | discontinue plaintiff's morphine. ECF No. 1 at 12-13. Plaintiff has failed to allege any details
| 24 | which would elevate this claim out of mere conjecture and into plausibility. He fails, for instance,
| 25 | to allege how or when he learned the true purpose of the false chrono. Nor does he identify any
| 26 | apparent motive for either Aurich or Halloran to have undertaken this action against him. *Bell*
| 27 | *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to
| 28 | raise a right to relief above the speculative level.").

## Leave to Amend

Plaintiff will be given an opportunity to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and
4. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: June 25, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE